UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

NORMAN FOUNTAINE,
                                                 **DECISION AND ORDER**
            Petitioner,             **No. 06-CV-6305T**

   -vs-

JOHN BURGE,
Superintendent

            Respondent.
_____

## I. Introduction

*Pro se* petitioner, Norman Fountaine ("Petitioner"), has filed a timely petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the constitutionality of his custody pursuant to a judgment entered December 12, 2002, in New York State, County Court, Monroe County, convicting him, after a jury trial, of one count of Burglary in the First Degree (N.Y. Penal Law ("Penal Law") §§ 20.00, 140.30[4]) and one count of Menacing in the Second Degree (Penal Law § 120.14[1]).

For the reasons stated below, the writ is denied and the petition is dismissed.

## II. Factual Background and Procedural History

On the evening of January 20, 2002, Rosemary Novick ("Novick") was at her home at 1 Villa Street, Apartment 2, in the City of Rochester. Trial Transcript [T.T.] 35. At approximately 11:30 p.m., Petitioner and Leroy Ange ("Ange"), each armed with 9-millimeter handguns, forced their way into Novick's apartment. T.T. 36-38, 78. Ange entered first, indicated that he was going to

kill Novick, and demanded that she tell him the whereabouts of her son. T.T. 37-38. Novick's son was not in the apartment at the time. T.T. 38. When Petitioner and Ange initially entered the apartment, they caused Novick to stumble down the basement steps, which left bruises on her leg. T.T. 36.

Once advised that Novick's son was not home, Ange fled past Novick and ventured further into her apartment. In an attempt to escape, Novick ran to the door and came face to face with Petitioner. Petitioner held Novick at gunpoint for approximately 15 seconds before she was able to flee to a neighbor's house and call the police. T.T. 38-40, 45. When interviewed by police, Novick identified Petitioner as one of the intruders. T.T. 65.

At Petitioner's trial, the People presented various witnesses to identify defendant as one of the intruders. Makiesha Hawkins ("Hawkins"), who was visiting her sister (who lived in the upper apartment at 1 Villa Street) on the night of the incident, testified that she had known Petitioner from the neighborhood since June of 2001. She testified that on the night of the incident, she was looking out the window of her sister's apartment when she saw Petitioner and another male walk toward the side door of the home that led to Novick's apartment. T.T. 81-82, 85, 122. From a side window, she saw Petitioner, armed with a gun, and his companion converse before they knocked on Novick's door. T.T. 82-85. Hawkins also testified that she watched Petitioner flee the area once he and Ange exited Novick's apartment. T.T. 87.

Cara Williams ("Williams"), Petitioner's ex-girlfriend who also testified for the People, recounted a three-way conversation in February 2002 between herself, Petitioner (who was in jail at the time), and his mother in which Petitioner acknowledged he entered Novick's apartment on the night of the incident. T.T. 152, 154. Williams also testified that, in January 2002, Petitioner asked her not to testify against him. T.T. 145-146.

Petitioner did not testify at trial.

At the close of the trial, Petitioner was found guilty as charged and sentenced to 18 years imprisonment with a 5 year period of post-release supervision. Sentencing Minutes [S.M.] 12-15.

Petitioner appealed the judgment of conviction, which was unanimously affirmed by the Appellate Division, Fourth Department. People v. Fountaine, 8 A.D.3d 1107 (4th Dep't 2004). Leave to appeal was denied by the New York Court of Appeals. People v. Fountaine, 3 N.Y.3d 706 (2004).

On or about March 2, 2005, Petitioner filed a motion to vacate the judgment pursuant to New York Criminal Procedure Law ("CPL") § 440.10 alleging that the prosecution withheld exculpatory evidence and that new evidence had been discovered. At the same time, Petitioner also moved pursuant to CPL § 440.20 to modify his sentence. The trial court denied Petitioner's motion. See Decision & Order of the Monroe County Court, Ind. No. 02/188B, dated 05/17/05. Petitioner appealed the denial of the motion, which was denied by the Appellate Division, Fourth Department. See

Decision of the Appellate Division, Fourth Department, Ind. No. 02/188B, dated 11/09/05.

On or about, June 15, 2006, Petitioner timely filed the habeas corpus petition presently before this Court, wherein he seeks relief on the following grounds: (1) that an out of court identification procedure violated his due process rights, and as a result, he was arrested without probable cause; (2) that he was illegally sentenced to 18 years in prison; (3) that his sentence was harsh and excessive; (4) that he received ineffective assistance of trial counsel because his attorney failed to request lesser included charges; and (5) that he received ineffective assistance of appellate counsel.[1] Petition [Pet.] ¶22.

## III. General Principles Applicable to Habeas Review

### A. The AEDPA Standard of Review

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a federal court may grant habeas relief to a state prisoner only if a claim that was "adjudicated on the merits" in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United

---

[1] Petitioner raised claims 1-3 in his habeas corpus petition. Pet. ¶22. In September 2008, Petitioner filed a motion with this Court to stay the habeas proceeding for purposes of returning to state court to exhaust two of his original claims, and two additional claims (claims 4 and 5). See Docket No. 12. Although the Court did not rule on Petitioner's motion to stay, he proceeded to state court on his own accord, and filed a second CPL § 440.10 motion, which was denied. See Decision & Order of the Monroe County Court, Ind. No. 02/188B, dated 12/03/08. Petitioner did not appeal the denial. Nonetheless, in the interest of judicial economy, the Court will address each of Petitioner's claims.

-4-

States," 28 U.S.C. § 2254(d)(1), or if it "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(2). A state court decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). The phrase, "clearly established Federal law, as determined by the Supreme Court of the United States," limits the law governing a habeas petitioner's claims to the holdings (not *dicta*) of the Supreme Court existing at the time of the relevant state-court decision. Williams, 529 U.S. at 412; accord Sevencan v. Herbert, 342 F.3d 69, 73-74 (2d Cir. 2002), cert. denied, 540 U.S. 1197 (2004).

A state court decision is based on an "unreasonable application" of Supreme Court precedent if it correctly identified the governing legal rule, but applied it in an unreasonable manner to the facts of a particular case. Williams, 529 U.S. at 413; see also id. at 408-10. "[A] federal habeas court is not empowered to grant the writ just because, in its independent judgment, it would have decided the federal law question differently." Aparicio v. Artuz, 269 F.3d 78, 94 (2d Cir. 2001). Rather, "[t]he state court's application must reflect some additional increment of incorrectness such that it may be said to be unreasonable." Id.

-5-

This increment "need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence." Francis S. v. Stone, 221 F.3d 100, 111 (2d Cir. 2000) (internal quotation marks omitted).

Under AEDPA, "a determination of a factual issue made by a State court shall be presumed to be correct. The [petitioner] shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); see also Parsad v. Greiner, 337 F.3d 175, 181 (2d Cir. 2003) ("The presumption of correctness is particularly important when reviewing the trial court's assessment of witness credibility."), cert. denied sub nom. Parsad v. Fischer, 540 U.S. 1091 (2003). A state court's findings "will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).

**B. Exhaustion and Procedural Default**

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State . . . ." 28 U.S.C. § 2254(b)(1)(A); see, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 843-44 (1999); accord, e.g., Bossett v. Walker, 41 F.3d 825, 828 (2d Cir.1994), cert. denied, 514 U.S. 1054 (1995)." The exhaustion requirement is not satisfied unless the federal claim

has been "fairly presented" to the state courts. <u>Daye v. Attorney General</u>, 696 F.2d 186, 191 (2d Cir.1982) <u>(en banc)</u>, <u>cert. denied</u>, 464 U.S. 1048 (1984).  However, "[f]or exhaustion purposes, 'a federal habeas court need not require that a federal claim be presented to a state if it is clear that the state court would hold the claim procedurally barred.'"  <u>Grey v. Hoke</u>, 933 F.2d 117, 120 (2d Cir. 1991) (quoting <u>Harris v. Reed</u>, 489 U.S. 255, 263, n.9 (1989) (other citations omitted).  Under such circumstances, a habeas petitioner "no longer has 'remedies available in the courts of the State' within the meaning of 28 U.S.C. Section 2254(b)." <u>Id.</u>

The procedural bar that gives rise to the finding that the claim should be deemed exhausted works a forfeiture and precludes litigation of the merits of the claim absent a showing of cause for the procedural default and prejudice resulting therefrom or by demonstrating that failure to consider the claim will result in a fundamental miscarriage of justice (i.e., actual innocence). <u>See</u> <u>Wainwright v. Sykes</u>, 433 U.S. 72, 87-91 (1977); <u>see</u> <u>also</u> <u>Sawyer v. Whitley</u>, 505 U.S. 333, 277-78 (1992).

**IV. Petitioner's Claims**

    **1.   PETITIONER'S IDENTIFICATION/PROBABLE CAUSE CLAIM AND INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM ARE PROCEDURALLY DEFAULTED**

Petitioner contends that: (1) an improper out of court identification procedure violated his due process rights, and as a result, he was arrested without probable cause;  and (2) that he

-7-

received ineffective assistance of counsel because his trial attorney failed to request lesser included charges. Pet. ¶22; see also Petitioner's Brief on Appeal [B.A.], Point I; Petitioner's second CPL § 440.10 motion, Page 24. Petitioner raised both of these claims in his second CPL § 440.10 motion, and they were denied on state procedural grounds. However, Petitioner failed to appeal the denial of the motion to the Appellate Division, Fourth Department. Failure to do so renders these claims unexhausted for purposes of habeas review. See Pesina v. Johnson, 913 F.2d 53 (2d Cir. 1990) ("[f]ailure to seek leave to appeal the denial of a § 440.10 motion to the Appellate Division constitutes failure to exhaust the claims raised in that motion."). However, Petitioner's claims must be deemed exhausted but procedurally defaulted because state review is no longer available to him. Petitioner cannot again seek leave to appeal the claims. See N.Y. Court Rules § 500.10. Moreover, collateral review of these claims is also barred because the identification/probable cause claim was previously raised on direct appeal, and the Appellate Division rejected it on the merits. Returning to state court to exhaust the claim by way of another CPL § 440.10 motion, therefore, would be futile. See CPL § 440.10(2)(a) ("the court must deny a motion to vacate a judgment when the ground was previously determined on the merits upon an appeal from the judgment."). Similarly, collateral review of the ineffective assistance of counsel claim is barred because it involves a matter that would have been present on the

record at the time of Petitioner's direct appeal and could have been raised then, but unjustifiably was not. See CPL § 440.10(2)(c) ("the court must deny a motion to vacate a judgment when . . . sufficient facts appear on the record . . . to have permitted adequate [appellate] review of the ground or issue.").

A finding of procedural default bars habeas review of the federal claim unless Petitioner can show cause for the default and prejudice attributable thereto, or demonstrate that failure to consider the claim will result in a miscarriage of justice. Murray, 477 U.S. at 492; Wainwright v. Sykes, 433 U.S. 72, 87-91 (1977). Petitioner has made no showing of the requisite cause and prejudice, nor has he demonstrated that the Court's failure to review the claim will result in a miscarriage of justice.

Thus, the claims are procedurally barred from review by this Court, and habeas relief is not available to Petitioner.

### 2. PETITIONER'S CLAIMS RELATED TO SENTENCING ARE NOT COGNIZABLE

Petitioner makes two allegations related to his sentencing. First, he alleges that he was sentenced illegally to 18 years imprisonment in violation of CPL § 430.10.[2] Pet. ¶22; B.A., Point II. Second, Petitioner contends that his sentence of 18 years was harsh and excessive, given the circumstances of his case. Pet.

---

[2] CPL § 430.10 provides that: "when the court has imposed a sentence of imprisonment and such sentence is in accordance with law, such sentence may not be changed, suspended or interrupted once the term or period of the sentence has commenced."

¶22; B.A., Point III. Neither of these claims present federal constitutional questions cognizable on habeas review.

Petitioner first contends that he was sentenced illegally in violation of New York's Criminal Procedural Law § 430.10 when the sentencing court mistakenly imposed a sentence of 8 years imprisonment instead of 18 years.[3] Petitioner contends that the series of events (as described in footnote 3) that occurred at the sentencing portion of his trial constitutes an illegal "resentencing" violative of CPL § 430.10. Such a claim however, is rooted in state law and is, therefore, not cognizable by this Court. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (holding that a federal court is limited to deciding whether a conviction violated the Constitution, laws or treaties of the United States); Lewis v. Jeffers, 497 U.S. 764, 780 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law."); see e.g., Wright v. Rivera, CV-06-1725, 2007 U.S. Dist. LEXIS 88271, *7 (E.D.N.Y. Nov. 30, 2007) (Petitioner's illegal sentencing claim denied because it is derives from New York's Criminal Procedure Law and is purely statutory); Shand v. Miller, 412 F.Supp.2d 267, 273

---

[3] The record reflects that the judge either misspoke or the courtroom stenographer misunderstood the judge and typed "8" years imprisonment instead of "18" years imprisonment. S.M. 14-15. In either case, the sentencing judge immediately rectified the matter, on the record, and imposed the proper 18 year sentence. The judge stated: "[M]y intention was to impose a sentence that exceeded the request of the District Attorney's Office. The record certainly reflects that the District Attorney requested 15 years. I believe that what happened is because I have kind of a sinus condition that perhaps the teen was swallowed. There was noise in the courtroom . . . that was going on . . . . [A]t this time[,] I am clarifying the record to reflect the proper sentence; the sentence this court imposed, the sentence that this Court intended to impose[,] which was 18 years[,] e-i-g-h-t-e-e-n[,] 18, 1, 8, plus five years post-release supervision." S.M. 15.

(W.D.N.Y. 2006) (holding that Petitioner's challenge to the Appellate Division's remand of his case for re-sentencing did not present a federal constitutional question cognizable on habeas review).

Regarding Petitioner's claim that his sentence was harsh and excessive, it is well-settled law that a habeas petitioner's challenge to the length of his or her prison term does not present a cognizable constitutional issue if the sentence falls within the statutory range. Townsend v. Burke, 334 U.S. 736, 741 (1948) ("The [petitioner's] sentence being within the limits set by the statute, its severity would not be grounds for relief here even on direct review of the conviction, much less on review of the state court's denial of habeas corpus."); White v. Keane, 969 F.2d 1381, 1383 (2d Cir. 1992) ("No federal constitutional issue is presented where . . . the sentence is within the range prescribed by state law.") (citing Underwood v. Kelly, 692 F.Supp 146 (E.D.N.Y. 1988), aff' mem., 875 F.2d 857 (2d Cir. 1989)); accord Ross v. Gavin, 101 F.3d 687 (2d Cir. 1996) (unpublished opinion). Because Petitioner's sentence falls within the permissible statutory range, he may not challenge the length of the sentence in his petition.

In this case, Burglary in the First Degree is a Class B violent felony, which carries a determinate sentence of five to twenty-five years. Penal Law §§ 140.30[4], 70.02. Petitioner received a determinate term of 18 years imprisonment, which is well within the statutory range. Menacing in the Second Degree is a

Class A misdemeanor, which carries a definite sentence not to exceed one year. Penal Law §§ 120.14, 70.15. Petitioner received a sentence of 90 days imprisonment. The latter sentence was set to run concurrent with the former. S.M. 14. Accordingly, because Petitioner's sentence falls within the statutory range, the claim does not present an issue that is cognizable by this Court on habeas review.

Petitioner's sentencing claims, therefore, are dismissed.

### 3. INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL CLAIM IS UNEXHAUSTED BUT "PATENTLY FRIVOLOUS"

Petitioner contends that he received ineffective assistance of appellate counsel. Petitioner raises this claim for the first time in the present habeas corpus action.[4] Petitioner's failure to properly exhaust the claim in the state courts renders it unexhausted for habeas purposes. See 28 U.S.C. § 2254(b)(1); Daye v. Attorney General, 696 F.2d 186, 191 (2d Cir. 1982). Although Petitioner could still raise this claim in a *coram nobis* application, the claim is patently frivolous,[5] and, as such, this

---

[4] To reiterate, Petitioner raised this claim for the first time in his motion to stay the habeas petition. In that motion, Petitioner indicated to the Court he wished to return to state court to exhaust this additional claim. However, he apparently never filed a *coram nobis* application with the Appellate Division, Fourth Department.

[5] The Second Circuit has not yet established a standard for denying unexhausted claims under 28 U.S.C. § 2254(b)(2), but all four districts in New York have applied the "patently frivolous" test for dismissing such claims. See, e.g., Love v. Kuhlman, No. 99 Civ. 11063, 2001 U.S. Dist. LEXIS 22572 (S.D.N.Y. Dec. 12, 2001); Cruz v. Artuz, No. 97 Civ. 2508, 2002 U.S. Dist. LEXIS 11150 (E.D.N.Y. June 24, 2002); Toland v. Walsh, No. 02 Civ. 0399, 2008 U.S. Dist. LEXIS 24616 (N.D.N.Y. Mar. 26, 2008); Hammock v. Walker, 224 F. Supp. 2d 544 (W.D.N.Y. 2002). A minority of courts in this Circuit have denied such petitions when they do not raise even a colorable federal claim. See Hernandez v. Lord, No. 00 Civ. 2306, 2000 U.S. Dist. LEXIS 10228 (S.D.N.Y. July 21, 2000) (discussing cases applying this standard) (internal quotation

Court will dismiss it on the merits notwithstanding Petitioner's failure to exhaust it in the state courts. See 28 U.S.C. § 2254(b)(2).

It is well-settled law that a petitioner claiming ineffective assistance of appellate counsel must show that counsel's representation was fundamentally defective, and that, but for counsel's errors, there is a reasonable probability that the result of the proceeding would have been different. See Strickland v. Washington, 466 U.S. 668 (1984); Aparicio, 269 F.3d at 95. A petitioner seeking to establish constitutionally ineffective assistance of counsel must overcome a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . [and] that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)); see also, e.g., United States v. Jones, 918 F.2d 9, 11 (2d Cir. 1990) (holding that counsel's decisions should not be evaluated in hindsight). Counsel is not required to raise all colorable claims on appeal. See Jones v. Barnes, 463 U.S. 745, 751 (1983). Rather, counsel may winnow out weaker arguments and focus on one or two key claims that present "the most promising issues for review." Id. at 751-53. And, of course, counsel is "strongly presumed to have rendered adequate assistance and [to have] made all significant

---

marks omitted). Under either of these standards, Petitioner's claims are meritless.

-13-

decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 689-90. The Strickland standard of ineffective assistance of counsel applies equally to trial and appellate counsel. See Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994), cert. denied, 513 U.S. 820 (1994).

Here, Petitioner contends that he received ineffective assistance of appellate counsel. Although he does not allege any supporting facts for this contention, it appears as though his claim is premised upon appellate counsel's failure to raise different, more meritorious issues on appeal. Petitioner does not indicate what these issues are. Presumably, he faults appellate counsel for failing to raise some or all of the issues he raised in his second CPL § 440.10 motion since his moving papers show an intent to return to state court to exhaust certain claims that were not raised on direct appeal. See Docket No. 12. In his second CPL § 440.10 motion, Petitioner contends, *inter alia*, that the evidence was insufficient to support his convictions and that he received ineffective assistance of trial counsel because trial counsel failed to investigate his case and failed to call a witness. The record shows, however, that appellate counsel raised three issues that were persuasively argued, well-researched and carefully articulated in a lengthy brief. Notably, Petitioner adopted all three of these issues in his habeas petition, and no others. To the extent that Petitioner criticizes appellate counsel's performance on appeal, yet adopts each of his arguments in the

-14-

habeas petition, the Court finds Petitioner's claim somewhat disingenuous. Furthermore, each of the underlying claims that Petitioner faults counsel for not raising on appeal lack merit.

First, Petitioner's sufficiency of the evidence claim is belied by the record. Petitioner contends that the evidence was not sufficient to support his convictions. See Petitioner's second CPL § 440.10 Motion, Pages 11-13. However, a review of the proof submitted in this case establishes that there was sufficient evidence for the jury to find, beyond a reasonable doubt, that Petitioner committed Burglary in the First Degree and Menacing in the Second Degree. The evidence presented at trial persuasively demonstrated that Petitioner, armed with a weapon and looking to harm Novick's son, forced entry into Novick's home, placed her in fear by holding a gun on her for approximately 15-20 seconds, and caused her to sustain injuries to her leg as a result thereof. T.T. 36, 40-45.

Second, Petitioner faults counsel for not raising ineffective assistance of trial counsel for failing to investigate his case. Petitioner, however, provides only a general expression of dissatisfaction with counsel's overall performance without providing specifics or examples of the alleged deficiency. Moreover, the Court has reviewed the record in its entirety and finds nothing that suggests that Petitioner rendered deficient performance in this area. Rather, the record reflects that trial counsel developed and presented a cogent theory of defense

throughout the case, called relevant witnesses for the defense, and cross-examined the People's witnesses at length.

Finally, Petitioner faults counsel for not raising ineffective assistance of trial counsel for failing to call a witness, to wit, Trina Marsh ("Marsh"). Petitioner does not indicate what Marsh would have testified to, nor has he demonstrated how her testimony would have assisted his defense. He simply contends that Marsh would have recalled a different set of facts than the ones testified to by Hawkins. See Petitioner's second CPL § 440.10 Motion, Pages 23-24. Presumably, Marsh's testimony would have been favorable to Petitioner's defense. However, the decision whether to call any witnesses on behalf of a defendant, and, if so, which witnesses to call, is a tactical decision of the sort engaged in by defense attorneys in almost every trial, and, if reasonably made, will not constitute a basis for an ineffective assistance claim. See United States v. Nersesian, 824 F.2d 1294, 1321 (2d Cir. 1987). Here, Petitioner has made no showing that counsel's decision was unreasonable, and there is nothing in the trial record to suggest that trial counsel's failure to call Marsh was anything other than a reasonable, tactical decision.

Thus, Petitioner has failed to show that appellate counsel's decision to forego raising any or all of the above meritless arguments and instead choosing to put forth other stronger arguments was unreasonable given the facts and circumstance of the case. Moreover, because each of Petitioner's underlying claims are

-16-

meritless (as discussed above), he is unable to show that the outcome of his appeal would have been different had appellate counsel raised these issues. See Strickland, 466 U.S. at 689-90; Mayo v. Henderson, 13 F.3d at 533.

Accordingly, the Court finds that Petitioner's ineffective assistance of appellate counsel claim is "patently frivolous" and cannot serve as a basis for habeas relief. The claim is dismissed.

**V.  Conclusion**

For the reasons stated above, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the petition is dismissed. Because Petitioner has failed to make "a substantial showing of a denial of a constitutional right," 28 U.S.C. § 2253(c)(2), I decline to issue a certificate of appealability. See, e.g., Lucidore v. New York State Div. of Parole, 209 F.3d 107, 111-113 (2d Cir. 2000). The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. Coppedge v. United States, 369 U.S. 438 (1962).

Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with

United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED.**

S/Michael A. Telesca

HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:   January 13, 2010
         Rochester, New York